UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-23584-BB

WARREN VAN DEVENTER,

     *Plaintiff*,

vs.

NCL (BAHAMAS) LTD.
d/b/a Norwegian Cruise Line,

     *Defendant*.

_____/

## PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND COMPEL PRODUCTION TO PLAINTIFF'S SECOND REQUEST TO PRODUCE

COMES NOW, Plaintiff, WARREN VAN DEVENTER, by and through the undersigned counsel hereby moves this Court to strike the Defendant's NCL (BAHAMAS) LTD. d/b/a Norwegian Cruise Line, objections and compel production to Plaintiff's Second Request to Produce and further states:

1. On December 18, 2023, Plaintiff served his Second Request for Production. *(See copy attached hereto as Exhibit A).*

2. On January 17, 2024, Defendant filed its responses and objections to Plaintiff's Second Request to Production. *(See copy attached hereto as Exhibit B).*

3. Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

4. Furthermore, according to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, a party seeking discovery may move for an order compelling an answer, designation, production, or inspection.

5. Defendant's objections to Requests numbers 10 and 11 are unfounded for reason hereinafter set forth:

**Request No. 10**

a. Please provide any and all documents regarding the specifications, sizes and dimensions of any and all dining serving carts in the Venetian dining room described in Plaintiff's complaint.

**Response:** NCL objects to this Request on the grounds that it is overbroad, seeks irrelevant information/documentation, and responding to same would be unduly burdensome. The Request is overbroad in that it seeks "any and all documents regarding the specifications, sizes and dimensions of any and all dining serving carts in the Venetian dining room" and is therefore in no way limited to relevant documents or the "dining serving cart" allegedly involved in Plaintiff's alleged incident. Given the foregoing, NCL objects to this Request and the undue burden it would incur in attempting to locate and produce any responsive materials, as that burden is not proportional to the needs of this produce any responsive materials, as that burden is not proportional to the needs of this case. Notwithstanding these objections, and without waiving same, NCL agrees to make a "dining services cart" similar to the

one involved in the alleged incident available for inspection at a mutually agreeable time and at one of the subject vessel's regularly scheduled ports of call.

**Request No. 11**

   b. Please provide any and all documents regarding policies and procedures for any and all dining services provided or performed aboard the vessel described in Plaintiff's complaint.

**Response:** NCL objects to this Requests on the grounds that it is overbroad, seeks irrelevant information/ documentation, and responding to same would be unduly burdensome. The Request is overbroad in that it seeks "any and all documents regarding policies and procedures for any and all dining services" regardless of whether or not those policies and procedures have anything to do with the material issues in dispute. By way of example, if NCL had a policy and/or procedure for offering wine with meals, that policy and/or procedure, as well as "any and all documents regarding" it, would be responsive to this Request even though they clearly have no relevance to this case. NCL objects to producing irrelevant materials, and the undue burden it would incur in attempting to locate and produce same, as that burden is not proportional to the needs of this case and thus it fails the proportionality requirement of Rule 26 of the Federal Rules of Civil Procedure.

6. That Plaintiff requests this Court enter an order compelling Defendant to produce the applicable documents and overruling and striking Defendant's objections.

7. Prior to the filing of this motion, the undersigned counsel certifies, in good faith, he conferred with opposing counsel in an effort to obtain the referenced discovery without Court action.

8. Despite Plaintiff's attempts to resolve the outstanding discovery requests, as of the date of filing this motion, Defendant has failed to provide any supplemental answers this necessitating this motion.

9. The Plaintiff will be prejudiced if the motion is not granted.

WHEREFORE, Plaintiff, WARREN VAN DEVENTER, moves this Honorable Court for its Order compelling the Defendant, NCL (BAHAMAS) LTD. d/b/a Norwegian Cruise Line, to produce the documents responsive to Plaintiff's requests, along with all other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by e-mail to: **Todd Sussman, Esq.** (tsussman@ncl.com; jjara@ncl.com) NORWEGIAN CRUISE LINE, 7665 Corporate Center Drive, Miami, FL 33126, *Counsel for Defendant, NCL (BAHAMAS) LTD. d/b/a Norwegian Cruise Line*, on this **16th** day of February 2024.

**FRIEDMAN, RODMAN, FRANK & ESTRADA, P.A.**
*Attorneys for Plaintiff, WARREN VANDEVENTER*
3636 West Flagler Street
Miami, Florida 33135
P: (305) 448-8585 / F: (305) 448-9818
pleadings@frflawgroup.com
ronrod@frflawgroup.com
patrick@frflawgroup.com
gsanchez@frflawgroup.com
awunders@frflawgroup.com

By:      */s/ Ronald Rodman*
RONALD D. RODMAN, ESQ.
Florida Bar No. 664332
PATRICK H. MCCAIN, ESQ.
Florida Bar No. 1041092

## SERVICE LIST

*Warren Vandeventer vs. Norwegian Cruise Line Holdings, Ltd.et al.*
Case No.: *23-cv-23584-BB*
United States District Court for the Southern District of Florida

Todd L. Sussman, Esq.
**NORWEGIAN CRUISE LINE**
7665 Corporate Center Drive
Miami, FL 33126
Telephone: (305) 436-4653
Facsimile: (305) 468-2132
tsussman@ncl.com
jjara@ncl.com
*Attorneys for Defendant*

Patrick McCain, Esq.
**FRIEDMAN, RODMAN, FRANK &
ESTRADA, PA**
3636 W Flagler St.
Miami, FL 33135
Telephone: (305) 448-8585
patrick@frflawgroup.com
ronrod@frflawgroup.com
pleadings@frflawgroup.com
*Attorneys for Plaintiff*

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

CASE NO.: 23-cv-23584-BB

WARREN VAN DEVENTER,

        Plaintiff,

vs.

NCL (BAHAMAS) LTD.
 d/b/a Norwegian Cruise Line,

        Defendant.
_____/

## **PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO DEFENDANT NCL CORPORATION LTD.**

     Plaintiff, WARREN VAN DEVENTER, by and through her undersigned counsel, and pursuant to *Fed R. Civ. P. 34, AND S.D. Fla. L. R. 26.1*, hereby propounds her Second Request for Production to Defendant, NCL (BAHAMAS) LTD. d/b/a Norwegian Cruise Line, requiring that Defendant produce for inspection and copying at Friedman, Rodman, Frank & Estrada P.A., 3636 West Flagler St., Miami, Florida 33135, or at such other place as may be agreed by the parties within thirty (30) days from the date of service hereof, all times set forth below.

     Dated this **18**th day of **December, 2023.**

                         **FRIEDMAN, RODMAN FRANK & ESTRADA, P.A.**
                         *Attorneys for Plaintiff*
                         3636 West Flagler Street
                         Miami, FL 33135
                         T. 305-448-8585 / F. 305-448-9818
                         pleadings@frflawgroup.com
                             Page **1** of **8**

BY:    /s/ Patrick McCain
       PATRICK MCCAIN, ESQ.
       Florida Bar No.: 1041092
       RONALD D. RODMAN, ESQ.
       Florida Bar No.: 664332


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **December 13, 2023**, the foregoing document was served via

e-mail to the counsel listed in the below service list.


## SERVICE LIST

*Warren Vandeventer vs. NCL (BAHAMAS) LTD.*
*d/b/a Norwegian Cruise Line*
Case No.: *23-cv-23584-BB*
United States District Court for the Southern District of Florida


| | |
|---|---|
| Todd L. Sussman, Esq. | Patrick McCain, Esq. |
| **NCL (BAHAMAS) LTD.** | **FRIEDMAN, RODMAN, FRANK &** |
| **d/b/a Norwegian Cruise Line** | **ESTRADA, PA** |
| 7665 Corporate Center Drive | 3636 W Flagler St. |
| Miami, FL 33126 | Miami, FL 33135 |
| Telephone: (305) 436-4653 | Telephone: (305) 448-8585 |
| Facsimile: (305) 468-2132 | patrick@frflawgroup.com |
| tsussman@ncl.com | ronrod@frflawgroup.com |
| jjara@ncl.com | pleadings@frflawgroup.com |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |

## **DEFINITIONS**

a.  "Documents" includes writings or recordings of every kind or character including, without limitation, all correspondence, contracts, agreements and corresponding exhibits or addenda, letters, telegrams, text messages, faxes, emails, invoices, checks, wire transfers, receipts, reports, records, memoranda, computer printouts, pamphlets, photographs, notes or minutes of meetings, including materials taped, filmed, or photographed and all other matters commonly considered to be documents.

b.  "Related to" means concern, explain, contain, correspond to, evidence or discuss, or to be in any way legally, logically, or factually connected with the matter inquired of.

c.  "And" and "or" are used herein both in the conjunctive and disjunctive.

d.  "Identify" and "Identification" when used in reference to documents means to  specifically state the type of document (e.g. letter, interoffice memorandum) and the following: (1) information sufficient to enable the inquirer to identify the document such as the nature of the document, the date, name or names of addressee(s), author(s) or recipient(s), name of signer(s), title or heading of the document and approximate number of pages.

e.  "Identify" and "Identification" when used in reference to an individual person means to state his full name, present address and telephone number, if known, and his present employment position and business affiliation and its location.  When used in reference to a person other than an individual person, "identify" and "identification" means to state whether such person is a corporation, partnership or other business association or entity, and the name, present and last known address, and principal place of its business.  Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state his name only.

f.  The term "occurrence" refers to the incident and/or incident sued upon herein as described in Plaintiff's Complaint.

g.  "Defendant" refers to NCL (BAHAMAS) LTD. d/b/a Norwegian Cruise Line, the Defendant in this case, and any agents or employees authorized to do business on its behalf.

h.  "Plaintiff" refers to the Plaintiff in this case, WARREN VAN DEVENTER.

i.  The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

j.   The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information and/or documents, whether in person, by e-mail, by telephone (call or text), mail, personal delivery or otherwise.

k.   As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neuter shall include each of the genders.  The past tense includes the present tense where the clear meaning is not distorted by change of tense.

l.   When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained, and the name of the documents being produced.

m.   In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

n.   If you choose to withhold from production for inspection and copying on the ground of privilege or the like, it is requested that you provide the following information: date, type of document, author, addressee or recipient, present location, custodian, number of pages, general description, privilege claimed, and any other pertinent information.

o.   If any document to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not destroyed, the reason why the document is incapable of production.

p.   If you claim that the attorney/client privilege or any other privilege or the attorney's work product doctrine applies to any document, the production of which is called for by these requests, then for each such document, state its date, subject matter, author(s), recipient(s), present custodian and all past custodians, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim.

q.   "Person" includes a corporation, partnership, joint venture, firm, voluntary or unincorporated association, other business association or entity, proprietorship, trust, estate, governmental agency, board, authority, commission, bureau, department or such other entity, and a natural person in any capacity whatsoever.

r.  "Subject incident" refers to the incident that occurred on January 27, 2023, on the Defendant's cruise ship vessel.

s.  "Subject vessel" refers to the Norwegian Dawn as described in Plaintiff's complaint.

t.  Estimated data should be given when exact data cannot be supplied.  Any such estimated data should be designated as such and the basis, source or sources, and/or derivation of each estimate should be separately set forth.

u.  If you withhold from production any document based on a claim of privilege, describe each such document by providing the following information: (1) date of preparation; (2) author's name, title, and address; (3) name and address of addressee or co payee or other recipient of the document; (4) general characteristics of the document (e.g. number of pages, subject matter, format); and (5) the factual and legal basis upon which you base your claim that the document is privileged from discovery.

v.  These requests require supplemental or amended responses and shall be deemed to be continuing requests for supplemental responses.  Any responsive information acquired or discovered subsequent to serving of initial responses shall be submitted in a supplemental filing.

t.  Each of these definitions and/or instructions shall be fully applicable to each request, notwithstanding that a definition and/or instruction set forth above may, in whole or in part, be reiterated in a particular request or that a particular request may incorporate supplemental definitions.

## <u>INSTRUCTIONS</u>

1. You must answer each of the following requests separately and fully.

2. Each request shall be construed independently and not with reference to any other request for the purposes of limitation.

3. If you withhold any information called for by a request on the basis of a claim of privilege or attorney work product, you shall furnish a list setting forth, as to each objection, the nature of the privilege that is being claimed.  In addition, the following information shall be provided in the objection:

   (a) For documents:
       (1) The type of document;
       (2) General subject matter of the document;
       (3) Date of the document; and
       (4) Such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and where not apparent, the relationship of the author and addressee to each other; and

   (b) For oral communications:
       (1) The name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present, to the person making the communication;
       (2) The date and place of communication; and
       (3) General subject matter of the communication.

4. Each request shall be deemed continuing so as to require prompt supplemental responses, in accordance with the Federal Rules of Civil Procedure, if you obtain or discover further information called for herein between the time of responding to these requests and the time of trial.

5. If any documents or things are produced in response to these requests, indicate for each request, by Bates numbers or their equivalent, the documents or things that are responsive to that request.  In all other respects, documents or things should be produced in accordance with these instructions.

## <u>REQUESTS FOR PRODUCTION</u>

1.  Please provide the names and contact information of all servers, busboys, waiters, hostesses, and maître d'hotel who were working in the Venetian dining room where the incident occurred at or around the time of the incident on January 27, 2023. Include their job titles and a brief description of their responsibilities.

2.  Please provided any and all documents regarding any passenger accessibility modifications that were made in accordance with 36 CFR part 1196 to the Venetian dining room where the incident described in Plaintiff's complaint occurred. If modifications were made, provide details on the nature of the modifications and the dates of implementation.

3.  Please provide any and all documents evidencing the number of restrooms available in the Venetian dining room and confirm whether these restrooms and toilet facilities were compliant with the Americans with Disabilities Act (ADA). If non-compliant, explain the nature of the non-compliance.

4.  If no ADA-compliant modifications were made to the Venetian dining room, provide any and all documents regarding technical plans or specifications that rendered such modifications not feasible. Include the reasons for their infeasibility.

5.  Please provide any and all documents regarding specifications, plans, and drawings related to the Venetian dining room where the incident took place. Include details on passenger accessibility features, if any.

6. Please produce any and all documents regarding the layout of the Venetian dining room as it existed on the day of the accident. Specifically, provide information regarding the arrangement of tables, chairs, and any other relevant features present in the dining room at that time.

7. Please produce any and all architectural submissions, drawings, or modifications related to passenger accessibility in the Venetian dining room area, even if they were not implemented.

8. Please provide any and all documents regarding specifications for the Venetian dining room, including details on toilet or restroom facilities, entryways, hallways and doorways for restroom facilities.

9. Please provide any and all documents regarding escape plans and deck plans for the vessel described in Plaintiff's complaint.

10. Please provide any and all documents regarding the specifications, sizes and dimensions of any and all dining serving carts in the Venetian dining room described in Plaintiff's complaint.

11. Please provide any and all documents regarding policies and procedures for any and all dining services provided or performed aboard the vessel described in Plaintiff's complaint.

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-cv-23584-BB

WARREN VAN DEVENTER,

     *Plaintiff*,

vs.

NCL (BAHAMAS) LTD.,

     *Defendant*.

_____/

**DEFENDANT'S NOTICE OF SERVING RESPONSES TO**
**PLAINTIFF'S SECOND REQUEST TO PRODUCE**

     Defendant, NCL (BAHAMAS) LTD., a Bermuda Company d/b/a Norwegian Cruise Line, by and through undersigned counsel, hereby serves its Responses to Plaintiff's Second Request to Produce.

                           Respectfully Submitted,

                           **NORWEGIAN CRUISE LINE**
                           Attorneys for Defendant
                           7665 Corporate Center Drive
                           Miami, Florida 33126
                           Telephone:    (305) 436-4653
                           Facsimile:    (305) 468-2132

                           By: *<u>/s/ Todd Sussman</u>*
                               **Todd L. Sussman, Esq.**
                             Florida Bar No. 0084729
                           tsussman@nclcorp.com

## NCL'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1. Please provide the names and contact information of all servers, busboys, waiters, hostesses, and maître d'hotel who were working in the Venetian dining room where the incident occurred at or around the time of the incident on January 27, 2023. Include their job titles and a brief description of their responsibilities.

**RESPONSE: NCL objects to this Request on the grounds that it is not a Request, but rather an interrogatory seeking information from NCL and is therefore improper under Rule 34 of the Federal Rules of Civil Procedure. NCL has no documentation that would provide the requested information, and objects to the undue burden it would incur in attempting to locate and provide the requested information in response to this Request as that burden is not proportional to the needs of this case. Furthermore, the Request/Interrogatory is overbroad as the information sought is irrelevant, especially in light of NCL's prior responses to Plaintiff's discovery which provided the names of individuals who may have knowledge of Plaintiff's alleged incident.**

2. Please provided any and all documents regarding any passenger accessibility modifications that were made in accordance with 36 CFR part 1196 to the Venetian dining room where the incident described in Plaintiff's complaint occurred. If modifications were made, provide details on the nature of the modifications and the dates of implementation.

**RESPONSE: NCL objects to this Request on the grounds that it is vague, overbroad, and appears to seek materials which are irrelevant. The Request is vague insomuch as NCL is unsure what is meant by "36 CFR part 1196" and/or how it applies to this matter. The Request is similarly overbroad in that it is unclear how/why "36 CFR part 1196" is related, and NCL objects to a Request for "any and all documents regarding any passenger accessibility modifications that were made…to the Venetian dining room" as such a Request is in no way limited to the alleged incident and/or the material issues in dispute. Given the foregoing, this Request is clearly overbroad and responding to same would be unduly burdensome, and that burden is not proportional to the needs of this case.**

3. Please provide any and all documents evidencing the number of restrooms available in the Venetian dining room and confirm whether these restrooms and toilet facilities were compliant with the Americans with Disabilities Act (ADA). If non-compliant, explain the nature of the non-compliance.

**RESPONSE: Attached is a General Arrangement Plan for the *Norwegian Dawn* which provides a schematic of the Venetian dining room. NCL objects to the remaining portions of this Request on the grounds that it is overbroad and seeks irrelevant documentation. The Request is overbroad and seeking irrelevant documentation in that it seeks "any and all documents evidencing the number of restrooms" even though NCL is providing one document that provides the information sought. The Request is similarly overbroad and seeking irrelevant documentation on the grounds that it is seeking materials "confirm[ing] whether these restrooms and toilet facilities were compliant with the Americans with**

**Disabilities Act (ADA)." Plaintiff is not making a claim that NCL violated the Americans with Disabilities Act (ADA), but alleges that NCL's crewmember was negligent in failing to sufficiently move a dining services cart Plaintiff felt he could not safely navigate around as he went to the bathroom. Given Plaintiff's allegations, any discovery on the Americans with Disabilities Act (ADA) is irrelevant and NCL objects to the undue burden it would incur in attempting to locate and provide same as that burden is not proportional to the needs of this case. As a result, this Request fails the proportionality requirement of Rule 26 of the Federal Rules of Civil Procedure. Finally, NCL objects to the portion of this Request which asks NCL to "explain the nature of the non-compliance" as that is not a proper Request under Rule 34 of the Federal Rules of Civil Procedure.**

4. If no ADA-compliant modifications were made to the Venetian dining room, provide any and all documents regarding technical plans or specifications that rendered such modifications not feasible. Include the reasons for their infeasibility.

**RESPONSE: NCL objects to this Request on the grounds that it is overbroad and seeks irrelevant documentation. The Request is overbroad in time and scope, and seeking irrelevant documentation in that Plaintiff is not making a claim that NCL violated the Americans with Disabilities Act (ADA), but alleges that NCL's crewmember was negligent in failing to sufficiently move a dining services cart Plaintiff felt he could not safely navigate around as he went to the bathroom. Given Plaintiff's allegations, any discovery on the Americans with Disabilities Act (ADA) is irrelevant and NCL objects to the undue burden it would incur in attempting to locate and provide same as that burden is not proportional to the needs of this case. As a result, this Request fails the proportionality requirement of Rule 26 of the Federal Rules of Civil Procedure. Finally, NCL objects to the portion of this Request which asks NCL to "[i]nclude the reasons for their infeasibility" as that is not a proper Request under Rule 34 of the Federal Rules of Civil Procedure.**

5. Please provide any and all documents regarding specifications, plans, and drawings related to the Venetian dining room where the incident took place. Include details on passenger accessibility features, if any.

**RESPONSE: NCL objects to this Request on the grounds that it is overbroad in time and scope, and seeks irrelevant documentation. The Request is overbroad in time in that there is no time limitation, and it is overbroad in scope and seeking irrelevant documentation in that it is in no way limited to the material issues in dispute. Plaintiff's Request simply requests every single document "regarding specifications, plans, and drawings related to the Venetian dining room." Such a blanket Request, which is in no way tailored to the specific allegations or defenses in this case, is patently overbroad and would undoubtedly yield irrelevant documentation. Furthermore, NCL is already producing a General Arrangement Plan of the subject vessel, including the restaurant where the alleged incident occurred, in its response to Request #3 above. NCL objects to the undue burden it would incur in attempting to locate and provide all materials responsive to this Request as that burden is not proportional to the needs of this case. As a result, this Request fails the proportionality requirement of Rule 26 of the Federal Rules of Civil Procedure. Finally, NCL objects to the portion of this Request which asks NCL to "[i]nclude details on**

**passenger accessibility features, if any" as that is not a proper Request under Rule 34 of the
Federal Rules of Civil Procedure.**

6. Please produce any and all documents regarding the layout of the Venetian dining room
   as it existed on the day of the accident. Specifically, provide information regarding the
   arrangement of tables, chairs, and any other relevant features present in the dining room
   at that time.

**RESPONSE:  See the General Arrangement Plan of the subject vessel produced in NCL's
Response to Request #3 above, as well as CCTV produced with NCL's Responses to
Plaintiff's First Request for Production. Given the foregoing, and the material issues in
dispute, NCL objects to the remaining portion of this Request as overbroad in scope and
seeking irrelevant documentation in that it is in no way limited to the material issues in
dispute. Plaintiff's Request simply requests every single document "regarding the layout of
the Venetian dining room as it existed on the day of the accident." Such a blanket Request,
which is in no way tailored to the specific allegations or defenses in this case, is patently
overbroad and would undoubtedly yield irrelevant documentation. NCL objects to the
undue burden it would incur in attempting to locate and provide all materials responsive to
this Request as that burden is not proportional to the needs of this case. As a result, this
Request fails the proportionality requirement of Rule 26 of the Federal Rules of Civil
Procedure. Finally, NCL objects to the portion of this Request which asks NCL to "provide
information regarding the arrangement of tables, chairs, and any other relevant features
present in the dining room at that time" as that is not a proper Request under Rule 34 of
the Federal Rules of Civil Procedure.**

7. Please produce any and all architectural submissions, drawings, or modifications related
   to passenger accessibility in the Venetian dining room area, even if they were not
   implemented.

**RESPONSE:  NCL objects to this Request on the grounds that it is overbroad in time and
scope, and seeks irrelevant documentation. The Request is overbroad in time in that there
is no time limitation, and it is overbroad in scope and seeking irrelevant documentation in
that it is in no way limited to the material issues in dispute. Plaintiff's Request simply
requests every "architectural submissions, drawings, or modifications related to passenger
accessibility in the Venetian dining room area, even if they were not implemented." Such a
blanket Request, which is in no way tailored to the specific allegations or defenses in this
case, is patently overbroad and would undoubtedly yield irrelevant documentation.
Furthermore, NCL is already producing a General Arrangement Plan of the subject vessel,
including the restaurant where the alleged incident occurred, in its response to Request #3
above. NCL objects to the undue burden it would incur in attempting to locate and provide
all materials responsive to this Request as that burden is not proportional to the needs of
this case. As a result, this Request fails the proportionality requirement of Rule 26 of the
Federal Rules of Civil Procedure.**

8.  Please provide any and all documents regarding specifications for the Venetian dining room, including details on toilet or restroom facilities, entryways, hallways and doorways for restroom facilities.

**RESPONSE:  NCL objects to this Request on the grounds that it is overbroad in time and scope, and seeks irrelevant documentation. The Request is overbroad in time in that there is no time limitation, and it is overbroad in scope and seeking irrelevant documentation in that it is in no way limited to the material issues in dispute. Plaintiff's Request simply requests every single document "regarding specifications for the Venetian dining room, including details on toilet or restroom facilities, entryways, hallways and doorways for restroom facilities." Such a blanket Request, which is in no way tailored to the specific allegations or defenses in this case, is patently overbroad and would undoubtedly yield irrelevant documentation. Furthermore, NCL is already producing a General Arrangement Plan of the subject vessel, including the restaurant where the alleged incident occurred, in its response to Request #3 above. NCL objects to the undue burden it would incur in attempting to locate and provide all materials responsive to this Request as that burden is not proportional to the needs of this case. As a result, this Request fails the proportionality requirement of Rule 26 of the Federal Rules of Civil Procedure.**

9.  Please provide any and all documents regarding escape plans and deck plans for the vessel described in Plaintiff's complaint.

**RESPONSE:  NCL objects to this Request on the grounds that it is overbroad in time and scope, and seeks irrelevant documentation. The Request is overbroad in time in that there is no time limitation, and it is overbroad in scope and seeking irrelevant documentation in that it is in no way limited to the material issues in dispute. Plaintiff's Request simply requests every single document "escape plans and deck plans for the vessel..." Such a blanket Request, which is in no way tailored to the specific allegations or defenses in this case, is patently overbroad and would undoubtedly yield irrelevant documentation. Furthermore, NCL is already producing a General Arrangement Plan of the subject vessel, including the restaurant where the alleged incident occurred, in its response to Request #3 above. NCL objects to the undue burden it would incur in attempting to locate and provide all materials responsive to this Request as that burden is not proportional to the needs of this case. As a result, this Request fails the proportionality requirement of Rule 26 of the Federal Rules of Civil Procedure.**

10. Please provide any and all documents regarding the specifications, sizes and dimensions of any and all dining serving carts in the Venetian dining room described in Plaintiff's complaint.

**RESPONSE: NCL objects to this Request on the grounds that it is overbroad, seeks irrelevant information/documentation, and responding to same would be unduly burdensome. The Request is overbroad in that it seeks "any and all documents regarding the specifications, sizes and dimensions of any and all dining serving carts in the Venetian dining room" and is therefore in no way limited to relevant documents or the "dining serving cart" allegedly involved in Plaintiff's alleged incident. Given the foregoing, NCL objects to this Request and the undue burden it would incur in attempting to locate and**

**produce any responsive materials, as that burden is not proportional to the needs of this case. Notwithstanding these objections, and without waiving same, NCL agrees to make a "dining services cart" similar to the one involved in the alleged incident available for inspection at a mutually agreeable time and at one of the subject vessel's regularly scheduled ports of call.**

11. Please provide any and all documents regarding policies and procedures for any and all dining services provided or performed aboard the vessel described in Plaintiff's complaint.

**RESPONSE: NCL objects to this Request on the grounds that it is overbroad, seeks irrelevant information/documentation, and responding to same would be unduly burdensome. The Request is overbroad in that it seeks "any and all documents regarding policies and procedures for any and all dining services" regardless of whether or not those policies and procedures have anything to do with the material issues in dispute. By way of example, if NCL had a policy and/or procedure for offering wine with meals, that policy and/or procedure, as well as "any and all documents regarding" it, would be responsive to this Request even though they clearly have no relevance to this case. NCL objects to producing irrelevant materials, and the undue burden it would incur in attempting to locate and produce same, as that burden is not proportional to the needs of this case and thus it fails the proportionality requirement of Rule 26 of the Federal Rules of Civil Procedure.**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 17th day of January 2024, a true and correct copy of the foregoing was served by email upon counsel indicated on the attached Service List.

By: */s/ Todd Sussman*
       **Todd Sussman, Esq.**

*Case No.: 23-cv-23584-BB*

## <u>SERVICE LIST</u>

*Warren Van Deventer vs. NCL (Bahamas) Ltd.*
Case No.: 23-cv-23584-BB
United States District Court for the Southern District of Florida

Todd Sussman, Esq.
NORWEGIAN CRUISE LINE
7665 Corporate Center Drive
Miami, FL  33126
Telephone:     (305) 436-4653
Facsimile:     (305) 468-2132
tsussman@nclcorp.com
jjara@nclcorp.com
Attorneys for Defendant

Patrick McCain, Esq.
Ronald Rodman, Esq.
Lauren Geraghty, Esq.
FRIEDMAN, RODMAN, FRANK &
ESTRADA, P.A.
3636 West Flagler Street
Miami, FL 33135
Telephone:     305-448-8585
patrick@frflawgroup.com
lgeraghty@frflawgroup.com
Attorneys for Plaintiff