UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23584-BLOOM/Torres

WARREN VAN DEVENTER,
    Plaintiff,

v.

NCL CORPORATION LTD.,
    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant NCL Corporation, Ltd.'s Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [9] ("Motion"), filed on October 27, 2023. Plaintiff Warren Van Deventer filed a Response in Opposition ("Response"), ECF No. [17], to which Defendant filed a Reply in Support ("Reply"), ECF No. [19]. The Court has reviewed the Amended Complaint, the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.   BACKGROUND**

Plaintiff filed his initial Complaint on September 19, 2023, asserting a negligence claim against Defendant. ECF No. [1]. Plaintiff thereafter filed his Amended Complaint on October 13, 2023, ECF No. [8], and alleges the following:

On or about January 27, 2023, Plaintiff was a fare-paying passenger aboard Defendant's cruise ship, *Norwegian Dawn*. ECF No. [8] ¶¶ 8-9. On January 27, 2023 Plaintiff "was attempting to get to the men's restroom facilities located by the Venetian Restaurant onboard the subject vessel using the only means of access made known and available to him … a narrow hallway corridor." *Id.* ¶ 14. This narrow hallway "lacked the requisite accessibility accommodation features

for mobility challenged passengers" and also functioned as the hallway used for dining service carts. *Id.* ¶ 15. Plaintiff "attempted to traverse through the narrow hallway corridor with a walking assistance device[]" but found his path "obstructed by an encroaching dining services cart[.]" *Id.* ¶ 16. The dining services cart was parked in the narrow hallway "without sufficient clearing space" for Plaintiff to safely pass. *Id.* Defendant's crewmembers "refused to move the cart obstructing the means of ingress and egress to the bathroom[.]" Plaintiff then "attempted to navigate around the cart with his walking assistance device[,] causing him to fall and sustain serious injuries." *Id.*

In Count I, Plaintiff contends Defendant "owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances for his safety, including by extension, under the circumstances, to conduct its dining services or operations aboard the Subject Vessel as well as the services rendered, provided, and/ or administered in connection therewith in a reasonably safe and prudent manner." *Id.* ¶ 19. Count I also alleges Defendant had a "duty to Plaintiff to exercise reasonable care under the circumstances included providing a safe means of access, ingress and egress to the restroom facilities onboard the subject vessel[,]" which includes "correcting all risk-creating conditions, hazards, or dangers in areas providing such means of access, ingress, and egress about which it knew or should have known, including in this instance a parked dining services cart permitted to obstruct the pathway to the restroom." *Id.* ¶¶ 20-21. The Amended Complaint alleges that Defendant—through its crew, agents, employees, and/or independent contractors—breached its duty in one or more of the following ways:

  a. failing to provide an unobstructed safe means of access, ingress, and egress to the onboard restroom facilities in public spaces;
  b. failing to ensure that the sole means of ingress, egress, and access provided to the onboard restroom facilities in public spaces restroom facilities onboard was not utilized for other functions;
  c. failing to ensure that hazards, such as a parked dining services cart, did not dangerously obstruct the means of access, ingress, and egress or any such foot path;

    d. failing to conduct its dining services and operations in a reasonably safe and proper manner such that dining services carts were not permitted to remain in the pathway providing access to the onboard restroom facilities and otherwise obstruct access thereto;
    e. failing to remove obstructions blocking access to the restroom facilities, including dining services carts left in the narrow hallway corridor;
    f. failing to undertake reasonable efforts to allow the dangerous, defective and hazardous conditions associated with dining operations and services it provided to be discovered;
    g. failing to train its crew members onboard as to the importance of maintaining a free and clear path of travel to provide access to, and a means of ingress and egress for the restroom facilities and to carry out dining services without obstructing the means of access, ingress, and egress to the restroom facilities, including with a parked dining cart;
    h. failing to adopt the necessary policies, procedures, protocols, or requirements to ensure its crew members onboard did not compromise the safe means of access, ingress, and egress for onboard restroom facilities in public spaces;
    i. allowing its dining operations and services to be administered, rendered, and/or provided in a dangerous, unsafe, improper, and hazardous manner for a length of time sufficient in which a reasonable inspection would have disclosed the same;
    j. allowing its dining operations and services to be administered, rendered and/or provided in a dangerous, unsafe, improper and hazardous manner with which it was reasonably foreseeable to injure a patron, including Plaintiff;
    k. failing to warn Plaintiff of all risks, dangers, and/or hazards associated with the means of access provided to the restroom facilities and the lack of sufficient space afforded therein for passengers to safely traverse;
    l. using unsafe and improper means and methods to administer dining services to patrons, including Plaintiff; and/or
    m. other such acts of negligence as the discovery or the evidence may show.

*Id.* ¶ 24.

Defendant moves to dismiss the Amended Complaint pursuant to Rules 8(a)(2), 10(b), and 12(b)(6). Defendant contends that Plaintiff failed to properly plead actual or constructive notice, the Amended Complaint constitutes a shotgun pleading, and the Amended Complaint fails to allege the dining service cart was not open and obvious. Plaintiff responds that the Amended Complaint plausibly asserts a single general negligence claim premised on a theory of vicarious liability. Plaintiff argues he does not need to allege notice, and the Amended Complaint nonetheless sufficiently alleges Defendant had notice the dining service cart constitutes a

dangerous condition that was not open and obvious. For the reasons set forth below, the Court concludes the Amended Complaint constitutes a shotgun pleading requiring dismissal.

## II. LEGAL STANDARD

### A. Shotgun Pleading

A "shotgun pleading[]" is a Complaint that violates either Rule 8(a)(2) or 10(b), or both. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). There are four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321-23 (11th Cir. 2015) (alteration added; footnote call numbers omitted). The "unifying characteristic" of shotgun pleadings is accordingly the failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnote call number omitted). The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources. "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

### B. Failure to State a Claim for Relief

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

### III. DISCUSSION

"Personal-injury claims by cruise ship passengers, complaining of injuries suffered at sea, are within the admiralty jurisdiction of the district courts." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1365 (11th Cir. 2018) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587-88, 111 S.Ct. 1522, 1524, 113 L.Ed.2d 622 (1991)). "Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (citing *Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989)).

"In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). "To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara*, 920 F.3d at 720 (quoting *Chaparro*, 693 F.3d at 1336). "Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of her complaint in making a sufficient showing on each element for the purposes of defeating summary judgment." *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1236-37 (S.D. Fla. 2006).

The duty of reasonable care requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. "In contrast, a shipowner's duty to a plaintiff is not relevant to a claim based on vicarious liability." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022). "When the tortfeasor is an employee, the principle of vicarious liability allows 'an otherwise non-faulty employer' to be held liable 'for the negligent acts of [that] employee acting within the scope of employment.'" *Id.* (quoting *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1121 (11th Cir. 2011) (citation omitted)). "In other words, liability for the agent's negligence is legally imputed to the non-negligent principal." *Id.* (citing *Meyer v. Holley*, 537 U.S. 280, 285-86, 123 S. Ct. 824, 154 L. Ed. 2d 753 (2003)).

Defendant argues the Amended Complaint is the "third type of shotgun pleading" identified in *Weiland*, namely, "one that commits the sin of not separating into a different count each cause of action or claim for relief." 792 F.3d at 1322. Defendant points out that the Amended

Complaint purports to assert a single negligent claim, yet its supporting allegations contain elements of negligent failure to warn, negligent failure to train, and negligent failure to inspect claims. Plaintiff responds that the Amended Complaint "succinctly state[s] a singular claim for negligence against [Defendant] NCL based upon vicarious liability for its crew member's negligent failure to ensure and maintain a safe means of ingress and egress to the restroom." ECF No. [17] at 10. Plaintiff contends the Amended Complaint's thirteen distinct breach allegations are "merely a recitation of the various ways in which NCL's crewmembers acted negligently" and do not "set forth separate and distinct claims bur rathe[r] expand upon the grounds establishing the basis" for Count I. *Id.* at 10-11.

The Court agrees with Defendant that the Amended Complaint constitutes a shotgun pleading for commingling multiple causes of action within Count I. As noted above, Plaintiff alleges Defendant "owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances for his safety, including by extension, under the circumstances, to conduct its dining services or operations aboard the Subject Vessel as well as the services rendered, provided, and/ or administered in connection therewith in a reasonably safe and prudent manner." ECF No. [8] ¶ 19. Count I proceeds to detail thirteen ways in which Defendant breached those duties "by and through its agents, apparent agents, contractors, employees, representatives, personnel members, subcontractors, and/or crew members acting on its behalf." *Id.* ¶ 24.

Defendant's alleged breaches include *direct* liability for its failure "to provide an unobstructed safe means of access, ingress, and egress to the onboard restroom facilities in public spaces"; "to remove obstructions blocking access to the restroom facilities, including dining services carts left in the narrow hallway corridor"; "to train its crew members onboard as to the

7

importance of maintaining a free and clear path of travel to provide access to, and a means of ingress and egress for the restroom facilities and to carry out dining services without obstructing the means of access, ingress, and egress"; "to adopt the necessary policies, procedures, protocols, or requirements to ensure its crew members onboard did not compromise the safe means of access, ingress, and egress"; and "to warn Plaintiff of all risks, dangers, and/or hazards associated with the means of access provided to the restroom facilities." *Id.* ¶¶ 27(a), (c)-(d), (g), (h), (k). Count I further alleges Defendant was negligent "for allowing its dining operations and services to be administered, rendered, and/or provided in a dangerous, unsafe, improper, and hazardous manner for a length of time sufficient in which a reasonable inspection would have disclosed the same" and for "other such acts of negligence as the discovery or the evidence may show." *Id.* ¶ 27(i), (m).

Plaintiff's contention that Count I alleges a single negligent maintenance claim under a theory of *vicarious* liability is accordingly controverted by the pleadings. Count I instead contains elements of negligent maintenance, negligent failure to warn, negligent training, and negligent inspection claims. *Id.* ¶ 27. The inclusion of a negligent training claim within a general negligent maintenance claim renders the Amended Complaint a shotgun pleading warranting dismissal. As thoughtfully explained in *Anders v. Carnival Corp.*, No. 23-21367-CIV, 2023 WL 4252426 (S.D. Fla. June 29, 2023), nestling a negligent training claim within a general negligence claim renders that claim an impermissible shotgun pleading:

> First, Plaintiff may allege a list of failures, i.e., different breaches of the same duty, within the same general negligence claim. *See Heller v. Carnival Corp.*, 191 F. Supp. 3d 1352, 1360 (S.D. Fla. 2016) (declining to address list of alleged breaches, which defendant claimed imposed heightened duties, where the court had already determined negligence had been pleaded through negligent failure to warn); *Holguin v. Celebrity Cruises, Inc.*, No. 10-20215-Civ, 2010 WL 1837808, at *1 (S.D. Fla. May 4, 2010) (declining to "strike alleged duties ... in line-item fashion" where the claim alleged "facts supporting *a* duty of care" (alteration added; emphasis in original)).

> Nevertheless, the Court agrees with Defendant that Plaintiff purports to bring a claim of negligent training nestled within his general negligence claim. (*See* Compl. ¶ 12(d)). Negligent training sounds in negligence but is a separate cause of action with distinct elements. *See Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-Civ-24668, 2021 WL 2592914, at *9 (S.D. Fla. Apr. 23, 2021) (collecting cases). To state a claim of negligent training, Plaintiff must allege Defendant "was negligent in the implementation or operation of the training program and the negligence cause[d] [his] injury." *Diaz*, 555 F. Supp. 3d at 1310 (alterations added; quotations marks and citation omitted). Because negligent training is a discrete claim, it must be pled separately. *See Reed*, 2021 WL 2592914, at *9.

*Id.*, at *4.

Like the plaintiff in *Anders*, Plaintiff nestles a negligent training claim within a general negligence claim. *See* ECF No. [8] ¶¶ 19-24. Even if Count I's additional "list of failures" may be plausibly construed as alleging "different breaches of the same duty[] within the same general negligence claim[,]" its allegations regarding Defendant's failure to sufficiently train its employees cannot. *Anders*, 2023 WL 4252426, at *4 (citations omitted); *see* ECF No. [8] ¶¶ 24(g)-(h). The Court accordingly agrees with Defendant that the Amended Complaint constitutes a shotgun pleading for alleging multiple causes of action within Count I.

Moreover, the Amended Complaint also constitutes a shotgun pleading for commingling theories of direct and vicarious liability.[1] The Amended Complaint invariably alleges *Defendant*—not its crewmembers—owed Plaintiff a duty of reasonable care, and that Defendant breached its duty of reasonable care "by and through its agents, apparent agents, contractors, employees, representatives, personnel members, subcontractors, and/or crew members acting on its behalf[.]" ECF No. [8] ¶ 24. Count I further alleges Defendant's negligence caused Plaintiff's injuries, and

---

[1] The parties did not raise this issue in their briefing. However, the parties' arguments concerning whether the Amended Complaint sufficiently alleges notice make plain Count I impermissibly alleges a negligence claim premised on both theories of liability. The Court accordingly dismisses the Amended Complaint as a shotgun pleading and does not consider whether Plaintiff plausibly alleges notice.

that Defendant was on notice of the risk-creating condition posed by the dining service cart. *Id.* ¶¶ 23, 25-26.

Plaintiff contends the Amended Complaint "sets forth a straightforward maritime negligence claims based upon vicarious liability against NCL for the direct negligence of its dining service crew member[.]" ECF No. [17] at 5. Plaintiff argues Count I accordingly need not allege Defendant was on notice of any risk-creating condition, and that Count I nonetheless sufficiently alleges Defendant had actual or constructive notice of the risk-creating condition.[2] *Id.* at 5-8. In so doing, Plaintiff effectively concedes Count I commingles theories of vicarious and direct liability.

As discussed, the Amended Complaint exclusively alleges Defendant owed Plaintiff a duty of reasonable care. However, "[u]nder a theory of vicarious liability, the duty and conduct of the Defendant, the shipowner, are not relevant." *Smith v. Carnival Corp. & PLC*, No. 22-CV-22853, 2022 WL 16791783, at *4 (S.D. Fla. Nov. 8, 2022) (citing *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169 (11th Cir. 2021) ("[T]he scope of a shipowner's duty has nothing to do with vicarious liability which is not based on the shipowner's conduct.")). In *Smith*, this Court dismissed the plaintiff's negligence claim premised on a theory of vicarious liability for containing similar deficiencies, explaining:

> While the Court agrees that Plaintiff adequately indicated a specific individual or individuals employed by Defendant as the tortfeasor, Count VI does not adequately plead negligence committed by *that* tortfeasor. Plaintiff set out the duty owed by Defendant, not its employee, and contends that Defendant's breach of that duty was the actual and proximate cause of Plaintiff's injury, rather than specifically identifying how Defendant's employee breached a duty and how that breach caused Plaintiff's injury. *See* ECF No. [1] ¶¶ 104-113. The Court therefore finds that Count VI of the Complaint fails to state a claim as a matter of law.

---

[2] Moreover, Plaintiff's argument that the Amended Complaint is not a shotgun pleading because Defendant has not indicated an inability to understand its factual allegations is unavailing. Defendant need not demonstrate an inability to understand the factual allegations where the Amended Complaint commingles multiple causes of action.

2022 WL 16791783, at *4. Like *Smith*, the Amended Complaint fails to plausibly allege Defendant is vicariously liable for the negligent acts of its employees, as it does not allege Defendant's crewmembers breached a duty those *crewmembers* owed to Plaintiff. While Count I alleges specific crewmembers and their allegedly negligent conduct—carelessly positioning and refusing to move the dining services cart—it characterizes this conduct as Defendant's breach of its duty owed to Plaintiff through those crewmembers.

Moreover, although Plaintiff is correct that a negligence claim premised on a theory of vicarious liability need not allege the defendant was on notice of the risk-creating condition, Count I *does* allege Defendant had notice of the risk-creating dining services cart. *See* ECF No. [8] ¶ 23 ("Defendant, NCL, knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, NCL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them."). Plaintiff's allegations that Defendant breached its duty of reasonable care by failing to adequately train its employees further demonstrates Count I is at least partially premised on a theory of direct liability.[3] The Amended Complaint thus commingles both theories of liability by alleging Defendant is vicariously liable for its crewmembers negligent conduct—without alleging those crewmembers breached a duty owed to Plaintiff—while further alleging Defendant was on notice of the risk-creating condition and is directly liable for failing to sufficiently train its crewmembers.

---

[3] Plaintiff's contention that he "is asserting a negligence claim based upon the theory of vicarious liability, not one based upon NCL's direct negligence for failure to warn[]" lacks merit. First, Plaintiff's Response cannot serve as a vehicle to re-characterize his allegations. Second, Plaintiff's contention that Count I "alleges that NCL breached its duty of reasonable care … based upon the negligent conduct of NCL's crewmember[s]" further demonstrates Plaintiff's conflation of the theories of direct and vicarious liability. *See* ECF No. [17] at 5-6. Count I plainly attempts to allege a general negligence claim by commingling both theories. It is therefore properly dismissed as a shotgun pleading for this additional, independent reason.

The Court concludes that the Amended Complaint commingles theories of direct and vicarious liability and is accordingly must be dismissed for this reason.[4] *See Anders*, 2023 WL 4252426, at *5 (dismissing a plaintiff's complaint for commingling theories of direct and vicarious liability); *see also Gharfeh v. Carnival Corp.*, 17-20499-CIV, 2018 WL 501270, at *6 (S.D. Fla. Jan. 22, 2018) (finding that where a count contained a title suggesting it contains only a claim for vicarious liability, but it also includes allegations of direct negligence, it is "an example of an impermissible shotgun pleading and it needs to be clarified."). The Court dismisses the Amended Complaint without prejudice to afford Plaintiff a final opportunity to amend his pleadings to conform to federal pleading standards. If Plaintiff files a second amended complaint, he must carefully delineate his distinct causes of action, as well as the different factual allegations and theories of liability underlying each.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint, **ECF No. [9]**, is **GRANTED**.

2. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff shall file an amended complaint consistent with this order **by March 8, 2024**.

---

[4] The Court accordingly need not address Defendant's argument that Plaintiff fails to plausibly allege a negligent failure to warn claim.

Case No. 23-cv-23584-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 27, 2024.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies To:

Counsel of Record